## APPEAL OF M. E. FARR.

Docket No. 4392.    Submitted September 17, 1925.    Decided November 24, 1925.

> Additional compensation for services rendered in 1917 and 1919 but not received by taxpayer until 1918 and 1920, respectively, *held* taxable as income in the latter years.

*Sanford Robinson, Esq.,* for the taxpayer.
*George G. Witter, Esq.,* for the Commissioner.

### Before GRAUPNER and TRAMMELL.

The taxpayer appeals from the determination of deficiencies in income taxes for the calendar years 1918 and 1920 in the respective amounts of $5,253.99 and $30,760.09, making a total of $36,014.08. At the hearing an agreed statement of facts was filed.

#### FINDINGS OF FACT.

The taxpayer is an individual residing in Detroit, Mich. During the period 1916 to 1920, inclusive, he was president of the American Shipbuilding Co., and received for his services a salary of $50,000 per year, with extra compensation in accordance with resolutions of the board of directors as hereinafter set forth. During this period the American Shipbuilding Co. was very actively employed in shipbuilding and the taxpayer's duties as president were greatly increased, in recognition of which the company paid him additional compensation for the corporate fiscal years ending June 30, 1917, 1918, 1919, and 1920, and for the six months' period ending December 31, 1920.

The first additional payment amounted to $50,000 and was paid on September 27, 1917, pursuant to a resolution of the board of directors dated September 26, the material part of which is as follows:

Whereas said M. E. Farr is willing to accept reelection to the position of President of this Company, and continue in such office, and to devote his time and services to the business of the Company until January 1, 1919, in con-

sideration of receiving in addition to a fixed salary of $50,000.00 a year, further salary as follow:

For the fiscal year ended June 30, 1917, $50,000 payable forthwith:

Thereafter, during his continuance in such position, for the current fiscal year and up to January 1, 1919, a sum equal to one per cent of the net earnings of this and subsidiary companies from operations as determined by the Board, after deducting depreciation but before deducting excess or war profits' taxes, beginning July 1, 1917:

Such salary, both fixed and additional, to be prorated and paid monthly as nearly as may be.

Now, therefore, be it resolved, That the additional salary in the preamble hereof set forth, be and the same is hereby voted to said M. E. Farr, all in consideration of his agreement to accept re-elections to his present office and his agreement to remain with this Company as such officer until January 1, 1919.

Thereafter, the taxpayer filed an amended return for 1916 and included in income reported for that year one-half, or $25,000, of the amount of $50,000 paid him on September 27, 1917.

In pursuance of the resolution of September 26, 1917, and a resolution of October 24, 1917, the taxpayer was paid additional compensation of $29,999.92 for the six months ended December 31, 1917. In further pursuance of the resolution of September 26, 1917, and a resolution of February 27, 1918, additional compensation of $32,-309.36 was credited to the taxpayer on the books of the company on March 30, 1918. The minutes of the meeting of the board of directors of September 18, 1918, contain the following:

The Comptroller then submitted to the Board a statement as attached to these minutes, showing a balance of $31,836.43 due President Farr as of June 30, 1918, under his arrangement with the Company for compensation. On motion duly seconded, the sum of $31,836.43 was thereupon ordered paid to President Farr to cover the balance of compensation due him for the fiscal period ended June 30, 1918.

The taxpayer was paid additional compensation of about $30,000 at some time during 1918, the date of payment not appearing in the record.

For the period subsequent to June 30, 1918, the taxpayer declined additional compensation determined on the basis set forth in the resolution of September 26, 1917. Thereafter, by resolutions of the board of directors dated as shown below, additional compensation was authorized to be paid the taxpayer in the amounts and for the periods as follows:

| Date of resolution. | Amount. | Period, six months ended— |
|---|---|---|
| Feb. 26, 1919 | $25,000 | Dec. 31, 1918. |
| July 23, 1919 | 50,000 | June 30, 1919. |
| Jan. 28, 1920 | 50,000 | Dec. 31, 1919. |
| Feb. 25, 1920 | 25,000 | June 30, 1920. |
| Aug 25, 1920 | 40,000 | Dec. 31, 1920. |

All of these resolutions provided that the additional compensation should not be paid out of any earnings under contracts with the United States Shipping Board Emergency Fleet Corporation or any other Government work, or earnings that would operate to increase the cost of any ships under construction for the Fleet Corporation.

The salary actually paid the taxpayer, the allocation thereof made by the Commissioner, and the allocation made by the taxpayer are shown in the following schedule:

| | 1916. | 1917. | 1918. | 1919. | 1920. |
|---|---|---|---|---|---|
| Salary actually paid and so allocated by the Commissioner | | $129,999.92 | $144,415.71 | $125,000.00 | $165,000.00 |
| Allocations made by taxpayer in returns | $25,000 | { 104,999.92<br>32,309.36 | 111,836.35<br>25,000.00 | 100,000.00<br>50,000.00 | } 115,000.00 |
| | 25,000 | 137,309.28 | 136,836.35 | 150,000.00 | 115,000.00 |

### DECISION.

The determination of the Commissioner is approved.

### OPINION.

GRAUPNER: The primary questions here are whether, for income-tax purposes, the additional compensation of $32,309.36, actually paid the taxpayer in 1918, should be reported as income for 1917 or 1918, and whether the additional amount of $50,000 paid him in 1920 should be reported as income for 1919 or 1920. The taxpayer contends that, inasmuch as the additional compensation was paid for services rendered in 1917 and in 1919, it may properly be reported as income for those years. These payments were allocated by the Commissioner to the years 1918 and 1920, as shown in the schedule above, on the theory that the payments had neither accrued nor were they paid in the years 1917 and 1919.

Section 213 (a) of the Revenue Act of 1918 provides in part that gains, profits, and income

\* \* \* shall be included in the gross income for the *taxable year in which received by the taxpayer*, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period; \* \* \* (Italics ours.)

Section 212 (b) provides:

(b) The net income shall be computed upon the basis of the taxpayer's annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income,

the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income.

The taxpayer kept no books. The returns filed show that the taxpayer was on a cash receipts and disbursements basis. The additional compensation may have been accrued on the books of the American Shipbuilding Co., but it was taxable as income to taxpayer only when received by him. *Appeal of Edmund J. Karr*, 2 B. T. A. 635; *Appeal of Louis Titus*, 2 B. T. A. 754.