*112 OPINION.
Geaupner
: The primary questions here are whether, for income-tax purposes, the additional compensation of $32,309.36, actually paid the taxpayer in 1918, should be reported as income for 1917 or 1918, and whether the additional amount of $50,000 paid him in 1920 should be reported as income for 1919 or 1920. The taxpayer contends that, inasmuch as the additional compensation was paid for services rendered in 1917 and in 1919, it may properly be reported as income for those years. These payments were allocated by the Commissioner to the years 1918 and 1920, as shown in the schedule above, on the theory that the payments had neither accrued nor were they paid in the years 1917 and 1919.
Section 213 (a) pf the Revenue Act of 1918 provides in part that gains, profits, and income
⅜ * ⅜ s]}aii he included in the gross income for the taxable year in which received by the taxpayer, unless, under methods of accounting permitted under subdivision (b) of section 212, any such amounts are to be properly accounted for as of a different period; * ⅜ * (Italics ours.)
Section 212 (b) provides:
(b) The net income shall be computed upon the basis of the taxpayer’s annual accounting period (fiscal year or calendar year, as the case may be) in accordance with the method of accounting regularly employed in keeping the books of such taxpayer; but if no such method of accounting has been so employed, or if the method employed does not clearly reflect the income, *113 the computation shall be made upon such basis and in such manner as in the opinion of the Commissioner does clearly reflect the income.
The taxpayer kept no boobs. The returns filed show that the taxpayer was on a cash receipts and disbursements basis. The additional compensation may have been accrued on the books of the American Shipbuilding Co., but it was taxable as income to taxpayer only when received by him. Appeal of Edmund J. Karr, 2 B. T. A. 635; Appeal of Louis Titus, 2 B. T. A. 754.