JOHN F. AND URSULA P. GAMBLE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gamble v. Commissioner
Docket No. 7783-78.
United States Tax Court
T.C. Memo 1980-40; 1980 Tax Ct. Memo LEXIS 545; 39 T.C.M. (CCH) 1030; T.C.M. (RIA) 80040; February 13, 1980, Filed John F. Gamble, pro se. Willie Fortenberry, for the respondent. DAWSON
MEMORANDUM FINDINGS OF FACT AND OPINION DAWSON, Judge: Respondent determined a deficiency of $1,634 in petitioners' Federal income tax for the year *546 1976. At issue is whether petitioner John F. Gamble, a cash basis taxpayer, can exclude from his joint Federal income tax for 1976 certain income he earned in 1975 but did not receive until 1976. FINDINGS OF FACT Some facts have been stipulated and are so found. John F. Gamble and Ursula P. Gamble are husband and wife who resided in Gainesville, Florida, when they filed their petition in this case. They filed a joint Federal income tax return for 1976 with the Internal Revenue Service Center, Chamblee, Georgia. They are on the cash basis of accounting. John F. Gamble (petitioner) was a research scientist for the University of Florida in Gainesville for two periods from September 1, 1975 to November 30, 1975, and from December 1, 1975 to December 31, 1975. For these periods he earned $6,521.07. The sum of $4,816.70 was received by him on January 2, 1976, and the sum of $1,704,37 was received on April 23, 1976. For the year 1976 the petitioner received from the State of Florida a Wage and Tax Statement (Form W-2) which showed total compensation of $25,831.94 (including the $6,521.07 earned in 1975). The Administrative Manager of the University of Florida Institute of *547 Food and Agricultural Sciences informed the petitioner by letter dated April 12, 1977, that the $6,521.07 "would have been paid to you then [1975] except for a technical error." The letter explains the matter as follows: The problem arose from the fact that the contract with the Energy Research and Development Administration, from which funds you were to be paid, was not formally awarded until February 18, 1976 although it was effective September 1, 1975. You should have been appointed on some other grants line item which would have then been reimbursed from ERDA funds when received. The record shows that you were appointed December 11, 1975 for the period September 1, 1975 to November 30, 1975 at a $741.031 biweekly rate. There were 6.5 biweekly pay periods during this time, amounting to a total of $4,816.70 gross. You actually received this pay on January 2, 1976. You received a second appointment on April 6, 1976 for the period December 1, 1975 to June 30, 1976. Your first paycheck subsequent to the second appointment was received April 23, 1976. The gross amount was $7,780.82 of which $7,704.37 was for the period December 1, 1975 to December 31, 1975. Petitioner *548 had no control over the receipt of the check for $4,816.70 which he received on January 2, 1976. He had no control over the grant funds since the grant was not finally awarded until February 18, 1976, although it related back to the effective date of September 1, 1975. Petitioner was paid from the University's general fund on the assumption that, when the grant money was finally received, the University of Florida would be reimbursed from the grant funds. When the petitioner filed his 1976 income tax return he excluded the $6,521.07 received in 1976 but earned in 1975. At the same time he filed an amended income tax return for 1975 reporting the $6,521.07 as income in that year. The deductions claimed in the 1975 amended return exceeded the total income reported, thus leaving no taxable income for 1975. Such amount was not reported on the petitioner's original 1975 income tax return. In his notice of deficiency dated April 27, 1978, the respondent included in petitioner's income for 1976 the amount of $6,701.07 received by him in that year. OPINION The narrow issue here is: When was the income received? Petitioner contends that because of the technical error made *549 by the University of Florida in processing his check, the $4,816.70 received January 2, 1976, should be treated as income for 1975, the year in which it was earned. Otherwise, he argues, he is in essence being taxed on income earned over a sixteen month period. To the contrary, respondent contends that the amount received on January 2, 1976, was neither actually nor constructively received in 1975, and it is therefore includable in income for 1976. We agree with respondent. Section 61(a) [1] defines "gross income" as all income from whatever source derived. Section 446(a) provides that taxable income shall be computed upon the method of accounting on a basis of which the taxpayer regularly computes his income in keeping his books. This petitioner is clearly on the cash method of accounting. Section 451(a) provides that the amount of any item of gross income shall be included in gross income for the taxable year in which received by the taxpayer, unless, under the method of accounting used in computing taxable income, such amount is to be properly accounted for as of a different period. *550 It is well established that payments representing compensation for services rendered are income to a cash basis taxpayer in the year in which actually or constructively received, as distinguished from the year in which the compensation is earned. Section 1.451-1(a), Income Tax Regs.; Sutton v. Commissioner,35 B.T.A. 348, 358 (1937), affd. 95 F.2d 845 (10th Cir. 1938). This doctrine is firmly embedded in the Federal income tax law. Sivley v. Commissioner,75 F.2d 916 (9th Cir. 1935); Titus v. Commissioner,2 B.T.A. 754 (1925); Farr v. Commissioner,3 B.T.A. 110 (1925); Boyum v. Commissioner,7 B.T.A. 1084 (1927); Edelman v. United States,165 Ct. Cl. 91, 329 F.2d 950, 954 (1964). The petitioner did not have free and unrestricted control of his compensation prior to receipt. He had no control over the payor, the University of Florida; and there were no specific funds set aside for him in 1975 which he could withdraw. Section 1.451-2(a), Income Tax Regs. Hence, there was no constructive receipt of such income by petitioner in the year 1975. While it is unfortunate *551 for petitioner that he was the victim of a "technical error" in the administrative payroll process, he is nonetheless taxable on the compensation in 1976 when he actually received it. Accordingly, we must sustain respondent's determination. Decision will be entered for the respondent.
Footnotes
1. All statutory references herein are to the Internal Revenue Code of 1954, as amended and in effect for the year in issue.↩